Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT MCGUCKEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ONE PLANET GROUP LLC, a California limited liability company; CALIFORNIA.COM LCC, a California limited liability company; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR:<br><br>1. Copyright Infringement<br>2. Vicarious and/or Contributory Infringement<br>3. Violation of the DMCA: 17 U.S.C. § 1202<br><br><u>Jury Trial Demanded</u> |

Plaintiff Elliot McGucken ("Plaintiff" or "McGucken"), by his attorneys Doniger / Burroughs, for his complaint against defendants One Planet Group LLC ("One Planet"), California.com LLC ("California.com"), and Does 1-10, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Elliot McGucken is an individual residing in Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant One Planet LLC is a California limited liability company and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant California.com LLC is a California limited liability company owned by Defendant One Planet and is doing business in and with the State of California.

7. Defendants Does 1 through 10, inclusive, (altogether with One Planet and California.com, "Defendants") are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

COMPLAINT

///

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHS

9. McGucken is an acclaimed photographer who created and owns the original photographs depicted in **Exhibit A** attached hereto ("Subject Photographs").

10. McGucken has registered the Subject Photographs with the U.S. Copyright Office.

11. Prior to the acts complained of herein, McGucken published and widely publicly displayed and disseminated the Subject Photographs including without limitation on McGucken's website *www.mcgucken.com*.

12. Following McGucken's dissemination and display of the Subject Photographs, Defendants, and each of them copied, reproduced, displayed, distributed, created derivative works, and/or otherwise used the Subject Photographs without license, authorization, or consent, including by using the Subject Photographs online on *www.california.com* and republished on *www.sfexaminer.com*. The Infringing Uses were made widely and publicly available online. True and correct, non-inclusive screen captures of the Infringing Uses are included in **Exhibit A** hereto.

13. On information and belief it is alleged that Defendants made unauthorized copies of the Subject Photographs and then cropped and edited the works before adding their own name to the works and publishing the same under their own name and/or a false name.

14. On February 5, 2024, McGucken, through his attorneys, sent Defendant California.com a demand to cease and desist their infringing uses of McGucken's Subject Photographs. To date, Defendants have not removed the Subject Photographs from their website and continue to infringe upon McGucken's copyrights.

15. McGucken has not in any way authorized Defendants, or any of them, to copy, reproduce, display, distribute, create derivative works of, or otherwise use the Subject Photographs.

///

///

///

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement - Against All Defendants, and Each)

16. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

17. On information and belief, McGucken alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through (a) viewing the Subject Photographs on McGucken's website, (b) viewing Subject Photographs online, (c) viewing Subject Photographs through a third party, and (d) obtaining the Subject Photographs from the online image licensor Shutterstock. Access is further evidenced by the Subject Photographs' exact reproduction in the Infringing Uses.

18. On information and belief, McGucken alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photographs, including without limitation as seen in **Exhibit A** attached hereto.

19. On information and belief, McGucken alleges that Defendants, and each of them, infringed McGucken's copyrights by creating infringing derivative works from the Subject Photographs and publishing same to the public.

20. Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

21. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photographs. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photographs in an amount to be established at trial.

22. On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful,

intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

### (Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)

23. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

24. On information and belief, McGucken alleges that Defendants knowingly induced, participated in, aided, and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendants knew, or should have known, were not authorized to be published by Defendants.

25. On information and belief, McGucken alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Uses, and were able to supervise the distribution, broadcast, and publication of the Infringing Uses.

26. On information and belief, Plaintiff alleges that Defendants, and each of them, published and authorized the re-publication of the Subject Photographs without consent to third parties, including *www.sfexaminer.com*, financially benefited from this publication, and had the right to recall the re-publications or otherwise stop or limit the infringement.

27. On information and belief, Plaintiff alleges that Defendants, and each of them, received notice that the articles and publications at issue included infringing content and thereafter continued to post and distribute those articles to third parties, including online, and failed to recall said posts or take steps to address the infringements.

5
COMPLAINT

28. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered general and special damages in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photographs. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photographs, in an amount to be established at trial.

30. On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

**(Violation of 17 U.S.C. 1202 - Against All Defendants, and Each)**

31. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

32. McGucken regularly published the Subject Photographs with copyright management information ("CMI"), as that phrase is used in 17 USC § 1202. McGucken's CMI included, without limitation, his name, company name, copyright notice, metadata, and other identifying information. The CMI was prominently displayed and would be viewed by visitors to McGucken's website and online profiles.

33. On information and belief, McGucken alleges that Defendants, and each of them, intentionally removed and altered McGucken's CMI and violated 17 U.S.C. § 1202(b) before copying, reproducing, distributing, and displaying the Subject Photographs.

34. On information and belief, McGucken alleges that Defendants, and each of them, did distribute or import for distribution copyright management information knowing that the CMI has been removed or altered without authority of McGucken or the law.

35. On information and belief, McGucken alleges that Defendants, and each of them, did distribute and publicly display works and copies of works knowing that copyright management information has been removed or altered without authority of McGucken or the law, knowing, or, with respect to civil remedies under 17 USC § 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

36. On information and belief, McGucken alleges that Defendants, and each of them, in violation of 17 USC § 1202(a), knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false copyright management information when they added false attribution information to uses of the Subject Photographs, including displaying the Subject Photographs with a copyright notice attributing copyright ownership to Shutterstock and/or Hane Street, as depicted in **Exhibit A** attached hereto, even after Defendants were put on notice of McGucken's ownership of the Subject Photographs.

37. On information and belief, McGucken alleges that Defendants, and each of them knew, that they were providing false copyright management information to its copies of the Subject Photographs and distributing copyright management information that was false at the time it distributed its unauthorized copies of the Subject Photographs.

38. Defendants, and each of them, removed and falsified the copyright management information relevant to the Subject Photographs knowing that it would conceal and facilitate the infringement at issue.

39. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 USC § 1203 and other applicable law.

40. On information and belief, McGucken alleges that Defendants', and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and McGucken resultantly seeks enhanced damage and penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

    **a.**    That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photographs, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photographs from their respective websites, marketing and advertisement materials.

    b.    That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

    c.    That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

    d.    That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*;

    e.    That Plaintiff be awarded his costs and fees under the statutes set forth above;

    f.    That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

    g.    That Plaintiff be awarded pre-judgment interest as allowed by law;

    h.    That Plaintiff be awarded the costs of this action; and

      i.      That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                                    Respectfully submitted,

Dated: January 31, 2025                By: */s/ Scott Alan Burroughs*
                                                    Scott Alan Burroughs, Esq.
                                                    Trevor W. Barrett, Esq.
                                                    Andres Navarro, Esq.
                                                    DONIGER / BURROUGHS
                                                    Attorneys for Plaintiff

9
COMPLAINT